IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOBBIE ENGRAM,** | ] |
| Plaintiff, | ] |
| v. | ]   2:23-cv-1120-ACA |
| **PUBLIX SUPER MARKETS INC.,** | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

After Plaintiff Bobbie Engram fell at a Publix, she sued Defendant Publix Super Markets, Inc., for negligence, wantonness, and negligent hiring, training, and/or supervision. (Doc. 1-1 at 4–7). Publix moves for summary judgment on all claims. (Doc. 24). Because Ms. Engram concedes that she lacks sufficient evidence to support her wantonness and negligent hiring, training, and/or supervision claims (doc. 28 at 5 n.1), the court **WILL GRANT** the motion and **WILL ENTER SUMMARY JUDGMENT** in favor of Publix and against Ms. Engram on those claims without further discussion. And because Ms. Engram has not presented evidence that a defective condition on Publix's premises caused her fall or that Publix was on notice of any defective condition, the court **WILL GRANT** the motion and **WILL ENTER SUMMARY JUDGMENT** in favor of Publix and against Ms. Engram on her negligence claim.

## I. BACKGROUND

When ruling on a motion for summary judgment, the court "view[s] the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve[s] all reasonable doubts about the facts in favor of the non-movant." *Washington v. Howard*, 25 F.4th 891, 897 (11th Cir. 2022) (quotation marks omitted).

In September 2021, Ms. Engram and her daughter, Bobbie Cummings, went to a Publix on a rainy day to pick up a cake. (Doc. 24-1 at 32–34; doc. 24-3 at 40). The entrance to the store has twenty feet of carpet to prevent customers tracking in water. (Doc. 27-1 at 9). Ms. Engram and Ms. Cummings spoke to an employee in the bakery section, who told them they had ordered the cake at a different Publix location. (Doc. 24-1 at 35–36; doc. 24-3 at 36; doc. 24-7 at 2 ¶ 3). As they were walking back to the front of the store, Ms. Cummings slipped a couple times and warned her mother to be careful. (Doc. 24-3 at 40, 42–43). She also saw a few wet footprints, although she did not know who had left the footprints or how long they had been there. (*Id.* at 40–42, 44).

Ms. Engram fell to the ground as she walked down the aisle. (Doc. 24-1 at 36). Ms. Cummings, who had been walking in front of her mother, did not see the fall. (Doc. 24-3 at 38–39). Ms. Engram did not see anything on the floor that could have caused her fall, nor did she notice water or any other substance on her clothing

after the fall. (Doc. 24-1 at 37, 39). A still image of the moment of Ms. Engram's fall does not show any obvious substance on the ground. (Doc. 24-6 at 2; *see* doc. 24-1 at 37). When the store manager, Shaina Staab, arrived, she did not see any "water, other substance, or other potential hazard on the floor," nor did she feel any substance when she scuffed her foot over the spot where Ms. Engram had fallen. (Doc. 24-7 at 2 ¶ 6). Ms. Staab took photographs of the floor that do not show any obvious hazards. (*Id.* at 3 ¶¶ 8–9; *id.* at 5–6).

## II.  DISCUSSION

Publix moves for summary judgment on the negligence claim on the grounds that (1) no defective condition at the store caused Ms. Engram's fall; (2) Publix did not know of any defective condition; (3) Ms. Engram was on notice of any defective condition; and (4) any defective condition was open and obvious. (Doc. 25 at 12–26).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To defeat a motion for summary judgment, "[t]he nonmoving party must offer more than a mere scintilla of evidence for [her] position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on [her] behalf." *Calderon v. Sixt Rent a Car, LLC*, 114 F.4th 1190, 1199 (11th Cir. 2024).

Here, because Ms. Engram was a customer patronizing Publix, Alabama law imposes on Publix a duty "to exercise reasonable care to provide and maintain reasonably safe premises for the use of [its] customers." *Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1192 (Ala. 2002) (quotation marks omitted). But "[a]n owner of a premises is not an insurer of the safety of its invitees, and the doctrine of res ipsa loquitur is not applicable to slip and fall cases. Neither does a presumption of negligence arise from the mere fact of an injury to an invitee." *Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861, 863–64 (Ala. 2001) (quotation marks omitted). Instead, a plaintiff alleging premises liability in a slip and fall case must establish that the "fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendant['s] negligence, and that the defendant[ ] had or should have had notice of the defect or instrumentality before the accident." *Logan v. Winn-Dixie Atlanta, Inc*., 594 So. 2d 83, 84 (Ala. 1992).

Ms. Engram has not presented sufficient evidence for a reasonable jury to conclude that a defect on the premises caused her fall. *See id.* The only evidence of what caused Ms. Engram's fall is Ms. Cummings's testimony that as she walked in front of her mother, she slipped a couple times and saw a few wet footprints in the same aisle. (Doc. 24-3 at 40, 42–44). But Alabama courts do not consider defective conditions to include normal amounts of rainwater tracked inside a building. *See Terrell v. Warehouse Groceries*, 364 So. 2d 675, 677 (Ala. 1978) ("[A]lthough a

4

storekeeper owes a customer a duty to exercise reasonable care to maintain the premises in a safe condition, where the foreign substance is rain water tracked in by customers and in the absence of unusual accumulations, due care does not require that a storekeeper keep the floor completely free of water."). And Ms. Cummings's testimony would not allow a reasonable factfinder to conclude that an "unusual" amount of rainwater had accumulated. (*See* doc. 29-3 at 40–44); *Terrell*, 364 So. 2d at 677; *Wal-Mart Stores, Inc. v. White*, 476 So. 2d 614, 617 (Ala. 1985) (finding that the floor being "wet with droplets of rainwater in an amount 'just enough to be slick'" was not enough to support a finding that an unusual amount of rainwater had accumulated); *cf. Strahsburg v. Winn-Dixie Montgomery, Inc.*, 601 So. 2d 916, 919 (Ala. 1992) (concluding that evidence the plaintiff's pants were "close to sopping wet" after his fall was enough to create a fact question about the amount of accumulation).

Ms. Engram also has not presented sufficient evidence for a reasonable jury to find that Publix was on notice of any defective condition. She concedes that no evidence shows that Publix had actual knowledge of any water on the floor (doc. 28 at 7), but argues that Publix had constructive notice because Ms. Cummings's testimony that she saw wet footprints shows that someone walked inside, over the carpet, to the back of the store, and back to the front, leaving a trail of water (*id.* at 7–8). A defendant is on constructive notice of a defective condition when "there is

5

evidence which tends to show that a foreign substance has been on the floor for a long while." *S.H. Kress & Co. v. Thompson*, 103 So. 2d 171, 173 (Ala. 1957); *see also Vargo v. Warehouse Groceries Mgmt., Inc.*, 529 So. 2d 986, 986 (Ala. 1988) (holding that the court can "infer the length of time the substance has remained on the floor from the nature and condition of the substance. Where the substance is dirty, crumpled, or mashed, or has some other characteristic that makes it reasonable to infer that it has been on the floor a long time, the defendant may be found to have a duty to discover and remove it."). Five to ten minutes is not a "long while." *Ex parte Wal-Mart Stores, Inc.*, 806 So. 2d 1247, 1251 (Ala. 2001).

Ms. Engram has provided no evidence from which a reasonable factfinder could conclude that any water on the floor had been there long enough to put Publix on constructive notice of the defective condition. Ms. Cummings did not testify that the water had any "characteristic that makes it reasonable to infer that it [was] on the floor a long time." *Vargo*, 529 So. 2d at 986. Nor would her testimony that she saw wet footprints allow a reasonable factfinder to conclude that the water was present for more than five to ten minutes. *See Ex parte Wal-Mart Stores, Inc.*, 806 So. 2d at 1251.

Because Ms. Engram cannot show that a defective condition existed on Publix's premises or that Publix was constructively aware of any such condition, the court declines to address Publix's arguments about whether Ms. Engram was aware

6

of the defective condition. (*See* doc. 25 at 21–26). The court **WILL GRANT** Publix's motion for summary judgment on Ms. Engram's negligence claim.

### III.  CONCLUSION

The court **WILL GRANT** Publix's motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in Publix's favor and against Ms. Engram on her claims of negligence, wantonness, and negligent hiring, training, and/or supervision.

The court will enter a separate final judgment consistent with this opinion.

**DONE** and **ORDERED** this May 5, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE